IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFANY HAIRE, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-3127-S-BK |
| § | |
| 5445 CARUTH HAVEN LANE § | |
| APARTMENTS OWNER LLC, LINCOLN § | |
| PROPERTY COMPANY INC., TRAVIS § | |
| BOWELS, NIKKI SALDANA, ELIA § | |
| NIETO, LIBBY HASSELL, JENNIFER § | |
| MORRIS, JENNIFER STYERS, CAROLYN § | |
| TAYLOR, UBS REALTY INVESTORS § | |
| LLC, BHAVIN PAREKH, AND JENNIFER § | |
| L. OWEN, § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. The Court now considers *Defendants Hassell, Morris & Styers's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Chapter 27 of the Texas Civil Practice and Remedies Code*, Doc. 36, and *Defendant Carolyn Taylor's Motion to Dismiss Under Rule 12(b)(6)*, Doc. 44. For the reasons that follow, the motions should be **GRANTED**.

**I. PROCEDURAL HISTORY**

This case stems from events surrounding Plaintiff's eviction from her apartment. She alleges in her *pro se* amended complaint that Defendant 5445 Caruth Haven Lane Apartments Owner LLC ("Caruth Haven") and three of its employees harassed and discriminated against her

in violation of her rights under the federal Fair Housing Act ("FHA") by refusing to accommodate her request to walk her "emotional support" cat, Pumpkin, off leash in the apartment complex. Doc. 33 at 7-9. As relevant here, Plaintiff asserts that her former Caruth Haven neighbors, Defendants Libby Hassell ("Hassell") and Jennifer Morris ("Morris"), falsely alleged Plaintiff had threatened them during a meeting with Caruth Haven management in July 2019 and in separate written statements thereafter. Doc. 33 at 5-6. Plaintiff further avers that Defendant Jennifer Styers, a friend of Hassell and Morris (collectively, the "Hassell Parties"), "verbally attacked" Plaintiff in July 2019 while she was walking Pumpkin, thereby defaming her character and subjecting her to ridicule, embarrassment, and public humiliation. Doc. 33 at 6. Finally, Plaintiff alleges that her former neighbor, Defendant Carolyn Taylor ("Taylor" and, collectively with the Hassell Parties, the "Individual Defendants"), (1) made false statements about Plaintiff during an investigation into Plaintiff's complaints to the Department of Housing and Urban Development ("HUD") and (2) harassed and threatened her. Doc. 33 at 6, 8.

  Liberally construing her complaint, Plaintiff asserts claims against the Individual Defendants for defamation of character and "aiding and abetting" and for conspiring with each other to engage in such conduct.[1] Doc. 33 at 6, 9. Plaintiff also arguably asserts that the Individual Defendants violated section 3617 of the FHA by harassing and intimidating her. Doc. 33 at 8-9.

---

[1] Although Plaintiff also raised claims against the Individual Defendants for intentional infliction of emotional distress and other unspecified acts of negligence, Doc. 33 at 2 & 11, she does not respond to their motions to dismiss these claims. She has thus abandoned them, and they should be dismissed with prejudice. *Kovac v. Wray*, 363 F.Supp. 3d 721, 747-48 (N.D. Tex. 2019) (dismissing with prejudice abandoned claims).

The Hassell Parties now move to dismiss Plaintiff's complaint, partly for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and partly for failure to state a claim under Rule 12(b)(6).  Doc. 36.  Taylor seeks dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6).  Doc. 44.

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  In the event of such a challenge, the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).  A court may dismiss a case for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented with undisputed facts plus the court's resolution of disputed facts.  *Clark v. Tarrant Cty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986).

Concomitantly, a plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

## III. ANALYSIS

### A. FHA Claims

The Hassell Parties contend that to the extent Plaintiff is attempting to allege FHA claims against them, her allegations are not plausible for purposes of subject matter jurisdiction because she does not claim they discriminated against or harassed her based on a disability, but rather because she impermissibly walked Pumpkin unleashed at Caruth Haven. Doc. 36 at 3-4. Similarly, Taylor asserts that, as Plaintiff's former neighbor, she is not a proper defendant under the FHA because Plaintiff does not allege Taylor (1) knew of her disability or (2) acted as an "agent" on behalf of Caruth Haven in evicting her. Doc. 44 at 8-11.

Giving Plaintiff's complaint its most expansive construction, the only FHA provision she even arguably invokes against the Individual Defendants is 42 U.S.C. § 3617.[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings). Section 3617 prohibits retaliation against an individual for exercising her rights under the FHA or helping another do so, to wit: "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by" specified sections of the FHA.[3] 42 U.S.C. § 3617.

---

[2] Plaintiff cites the relevant provision as 24 C.F.R. § 100.400, Doc. 33 at 8, which is the regulation that "provides [HUD's] interpretation of the conduct that is unlawful under [section 3617] of the [FHA]."

[3] Although the Court need not reach the issue to resolve the present motions, courts in this circuit have held that the viability of a section 3617 claim depends on a predicate substantive FHA violation, *i.e.*, one of sections 3604-3606. *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, (5th Cir.

4

As a preliminary matter, the Individual Defendants' jurisdictional challenge to Plaintiff's FHA claims must be addressed under the rubric of Rule 12(b)(6) because the challenge is intertwined with the merits of her claims. Put differently,

> [w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998) ("[T]he nonexistence of a cause of action [is] no proper basis for a jurisdictional dismissal."). Thus, although the Hassell Parties invoke Rule 12(b)(1), the undersigned will address Plaintiff's FHA claims on the merits.

The gist of these claims is that the Individual Defendants violated section 3617 by harassing Plaintiff for walking Pumpkin off leash despite her (unspecified) disability. Doc. 33 at 5-6, 8-9. But viable section 3617 claims generally are limited to housing providers and their agents/employees. *See Quigley v. Winter*, 598 F.3d 938, 944-45 (8th Cir. 2010) (landlord); *Honce v. Vigil*, 1 F.3d 1085, 1087-88 (10th Cir. 1993) (landlord); *Krueger v. Cuomo*, 115 F.3d 487, 489-90 (7th Cir. 1997) (apartment owner); *see also Meyer v. Holley*, 537 U.S. 280-85, 287

---

2001) (Table) (per curiam) ("[b]ecause his § 3605 claim fails, [plaintiff's] claim under § 3617 must also fail"); *Downing v. Pondugula*, No. 4:21-CV-1006-P, 2022 WL 1117446, at *4 (N.D. Tex. March 29, 2022) (Cureton, J.) (quoting *McZeal*, 252 F.3d at 1355), *adopted by* 2022 WL 1117203 (N.D. Tex. Apr. 14, 2022); *AHF Cmty. Dev., LLC v. City of Dallas*, 633 F. Supp. 2d 287, 302-03 (N.D. Tex. 2009) (holding that plaintiff, having lost on section 3604(a) and (b) claims, could not pursue section 3617 claim). *But see Revock v. Cowpet Bay W. Condo. Assn.*, 853 F.3d 96, 112 (3d Cir. 2017) (holding that a section 3617 claim does not require a substantive violation of sections 3603-3606); *Hidden Village, LLC v. City of Lakewood*, 734 F.3d 519, 528-29 (6th Cir. 2013) (same); *Bloch v. Frischholz*, 587 F.3d 771, 782 (7th Cir. 2009) (same) (en banc).

5

(2003) (holding that FHA imposes vicarious liability upon corporations for unlawful acts of their employees). Plaintiff makes no plausible suggestion in the operative complaint that the Individual Defendants acted in any such capacity.

Indeed, Plaintiff has pointed to no legal support for holding a neighbor — let alone a neighbor's friend — liable under the circumstances presented here. The Court's research also reveals no binding precedent on point. Cf. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 75 (2d Cir. 2021) (plaintiff failed to state claim where complaint provided no factual basis to infer defendants had "substantial control over" co-tenant, nor could such control be reasonably presumed to exist in the "typically arms-length relationship between landlord and tenant"); *but see Halprin v. Prairie Single Fam. Homes of Dearborn Park Ass'n*, 388 F.3d 327, 328 (7th Cir. 2004) (finding Jewish plaintiffs stated a section 3617 claim against homeowners' association where its president wrote "H-town property" on the wall of their home, vandalized their property, applied chemicals to their yard against their wishes, and association destroyed records of meeting where president threatened to "make an example" of plaintiffs); *Sofarelli v. Pinellas Cty.*, 931 F.2d 718, 722 (11th Cir. 1991) (reversing dismissal of plaintiff's section 3617 claim where plaintiff alleged that community members (1) threatened "to break [plaintiff] in half" if he did not leave neighborhood, (2) ran up to plaintiff's truck, hitting it, shouting obscenities, and spitting at plaintiff, and (3) were quoted in local newspaper as saying they did not want black people to move into the community).

Even putting aside the lack of applicable precedent, the conduct Plaintiff alleges against the Individual Defendants does not rise to the level of coercion, intimidation, threats, or interference necessary to state a claim under section 3617. When Congress enacted the FHA, it did not intend to "convert every quarrel among neighbors . . . into a federal case." *Reule v.*

*Sherwood Valley I Council of Co-Owners, Inc.*, CIV. A. H-05-3197, 2005 WL 2669480, at *4 (S.D. Tex. Oct. 19, 2005) (citation omitted), *aff'd* 235 F. App'x 227 (5th Cir. 2007) (per curiam). Simply put, "[s]ection 3617 does not impose a code of civility on neighbors." *Id.* (citation omitted). To hold otherwise would extend section 3617 "to conduct it was never intended to address and would have the effect of demeaning the aims of the [FHA] and the legitimate claims of plaintiffs who have been subjected to invidious and hurtful discrimination and retaliation in the housing market." *Id.* (citation omitted). In *Reule*, for example, the district court found no viable FHA claim where a condominium owner alleged (1) she was treated less favorably than other residents, (2) she, her child, and her dogs were treated in an unfriendly manner, and (3) she was blamed for increased insurance premiums. *Id.* Plaintiff's FHA claims fare no better.

### B. Defamation

Among other arguments, the Individual Defendants contend Plaintiff's defamation and derivative conspiracy claims are barred by the applicable one-year statute of limitations. Doc. 36 at 7-8; Doc. 44 at 14-15. Plaintiff acknowledges she knew about the Individual Defendants' original defamatory statements in 2019; but she asserts it was not until August 2021 that she "uncovered" Defendants' false claims that she was evicted from Caruth Haven for setting a "cat trap" with the intention of harming an animal. Doc. 46 at 2-4; Doc. 52 at 3-4.

As noted by the Individual Defendants, the statute of limitations for claims of defamation is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a) ("A person must bring suit for . . . [defamation] . . . not later than one year after the day the cause of action accrues."). A defamation claim generally accrues when the statement at issue is published or circulated. *Hogan v. Zoanni*, 627 S.W.3d 163, 172 (Tex. 2021). Because Plaintiff was aware of the

statements the Individual Defendants allegedly made in 2019, any defamation claims tied to those statements are time-barred.

With respect to the "cat trap" remark, Plaintiff newly claims in her response briefs that she did not learn of it until August 2021. A party seeking to invoke the so-called "discovery rule" must, however, plead the rule. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988). A plaintiff may do so either in her original complaint or in an amended complaint in response to a defendant's assertion of the limitations defense. *Id.* If, as in this case, the plaintiff fails to do so, the rule is deemed waived, and the plaintiff can obtain no benefit from it. *Id.*

Even if Plaintiff had not waived the argument, the discovery rule typically applies only when the nature of the injury is "inherently undiscoverable." *Bayou Bend Towers Council of Co-Owners v. Manhattan Const. Co.*, 866 S.W.2d 740, 743 (Tex.App.—Houston [14th Dist.] 1993, writ denied). There is no suggestion in the record that is the case here and, in any event, Texas courts apply the discovery rule to defamation claims only sparingly. *See Hogan*, 627 S.W.3d at 172 ("Importantly, we have never held that the discovery rule applies to defamation claims except in the narrow circumstance involving a person's discovery of allegedly libelous information filed with a credit agency.") (citation omitted). Accordingly, Plaintiff's defamation claims, as well as her derivative conspiracy claims, should be dismissed. *Petrello v. Prucka*, 484 F. App'x 939, 942-43 (5th Cir. 2012) ("Because there is no actionable FHA claim against the [defendants], [plaintiff's] civil conspiracy claim fails.") (citation omitted).

## IV. LEAVE TO AMEND

Plaintiff requests that she be permitted to amend her complaint if the Court determines her claims are subject to dismissal. Doc. 46 at 2; Doc. 52 at 3. Ordinarily, a *pro se p*laintiff

8

should be granted leave to amend her complaint prior to dismissal. However, Plaintiff already has amended her complaint once, so it appears she has pled her best case. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (holding that dismissal of *pro se* case with prejudice is appropriate if court determines plaintiff has alleged his best case). Moreover, considering the facts Plaintiff pled, there does not appear to be any possibility she can succeed on either her FHA or defamation claims against the Individual Defendants. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations). Thus, allowing Plaintiff leave to amend her complaint again would be futile, cause needless delay, and waste the Court's resources.

V. CONCLUSION

For the foregoing reasons, *Hassell, Morris & Styers's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Chapter 27 of the Texas Civil Practice and Remedies Code*, Doc. 36, and *Defendant Carolyn Taylor's Motion to Dismiss Under Rule 12(b)(6)*, Doc. 44, should be **GRANTED**, and Plaintiff's claims against them should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on August 22, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).