IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY HAIRE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-3127-S-BK |
| | § | |
| 5445 CARUTH HAVEN LANE | § | |
| APARTMENTS OWNER LLC, LINCOLN | § | |
| PROPERTY COMPANY INC., TRAVIS | § | |
| BOWELS, NIKKI SALDANA, ELIA | § | |
| NIETO, UBS REALTY INVESTORS | § | |
| LLC, BHAVIN PAREKH, AND JENNIFER | § | |
| L. OWEN, | § | |
|     DEFENDANTS. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Plaintiff's *Motion to Set Aside Amended Judgment.* Doc. 117. Although Plaintiff styles her motion as one to set aside the judgment entered in favor of Defendants Libby Hassell, Jennifer Morris, Jennifer Styers, and Carolyn Taylor (the "Dismissed Parties"), the crux of her argument is that the undersigned magistrate judge and assigned district judge should be recused from this case. Doc. 117 at 2.

Judges must recuse themselves or be disqualified "in any proceeding in which [their] impartiality might reasonably be questioned." *Willey v. Harris County Dist. Atty.*, 27 F.4th 1125, 1137 (5th Cir. 2022) (quoting 28 U.S.C. § 455(a)). Under section 455(a), a judge should avoid even the appearance of partiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994).

Here, Plaintiff requests that the undersigned magistrate judge be involuntarily disqualified from this case due to "inappropriate contact with Defendants," breach of judicial ethics, and failing to address the "fraud upon the court" perpetrated by counsel for the Dismissed Parties. Doc. 117 at 2. Additionally, Plaintiff requests that the district judge recuse herself due to "at the very minimum, the 'appearance of bias.'" *Id.*

Upon consideration, the Court concludes that Plaintiff's scurrilous and conclusory assertions regarding the judges assigned to this case wholly lack factual basis, and that neither judge's impartiality can reasonably be questioned under these circumstances. 28 U.S.C. § 455(a); *Liteky,* 510 U.S. at 548. Accordingly, Plaintiff's *Motion to Set Aside Amended Judgment*, Doc. 117, should be **DENIED**.

Plaintiff is again admonished regarding the risk of sanctions should she continue to file frivolous pleadings (pleadings that lack any factual or legal basis).

**SO RECOMMENDED** on September 23, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).