IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY HAIRE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-3127-S-BK |
| | § | |
| 5445 CARUTH HAVEN LANE | § | |
| APARTMENTS OWNER LLC, LINCOLN | § | |
| PROPERTY COMPANY INC., TRAVIS | § | |
| BOWELS, NIKKI SALDANA, ELIA | § | |
| NIETO, CAROLYN TAYLOR, UBS | § | |
| REALTY INVESTORS LLC, BHAVIN | § | |
| PAREKH, AND JENNIFER L. OWEN, | § | |
| | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. Doc. 1. The Court now considers *Defendant Jennifer L. Owen's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Under Federal Rule of Civil Procedure 12*. Doc. 93. For the reasons that follow, the motion should be **GRANTED**.

**I.   PROCEDURAL HISTORY**

This case stems from events surrounding Plaintiff's eviction from her apartment. She alleges in her *pro se* amended complaint that Defendant 5445 Caruth Haven Lane Apartments Owner LLC ("Caruth Haven") and three of its employees harassed and discriminated against her in violation of her rights under the federal Fair Housing Act ("FHA") by refusing to accommodate her request to walk her "emotional support" cat (the "ESA") off leash in the

apartment complex. Doc. 33 at 7-9. As relevant here, Plaintiff asserts that in July 2019, she met with two Caruth Haven property managers, Defendants Nikki Saldana and Elia Nieto, to explain that she did not walk her ESA on a leash to protect the animal's safety and to request a reasonable accommodation to walk the cat unleashed. Doc. 33 at 5. Plaintiff claims Saldana and Nieto granted the accommodation "on the condition that she provide an updated letter from her physician stating that her ESA was not required to be on a leash." Doc. 33 at 5. Four days later, before Plaintiff could obtain the letter, she received a Notice to Vacate, citing violations of her lease agreement. Doc. 33 at 5.

Thereafter, Caruth Haven's attorney, Defendant Jennifer Owen, emailed Plaintiff and informed her that the physician ESA letter Plaintiff provided upon move-in to Caruth Haven "was not proper verification for an ESA and did not demonstrate that she had a qualifying disability and therefore, the updated statement that [Plaintiff] obtained from her physician on August 5, 2019 requesting to walk her cat off leash was not valid." Doc. 33 at 5. Defendant Owen subsequently represented Caruth Haven in Plaintiff's eviction proceedings and a later investigation by the Department of Housing and Urban Development during which Plaintiff alleges Defendant Owen repeated a defamatory narrative concocted by some of Plaintiff's neighbors. Doc. 33 at 6-8.

Liberally construing her operative complaint, Plaintiff asserts claims against Defendant Owen for (1) defamation of character; (2) "aiding and abetting" and conspiring with the remaining Defendants to engage in such conduct; (3) intentional infliction of emotional distress; and (4) negligent violation of Plaintiff's rights under the Health Insurance Portability and Accountability Act ("HIPPA"). Doc. 33 at 9-11. Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. Doc. 93. Plaintiff did not file a response to the motion despite the Court advising her to do so if she opposed the relief Defendant Owen seeks. *See* Doc. 120; *see also* Doc. 99 at 3 (denying Plaintiff's *Motion to Strike Defendant Jennifer L. Owen's Motion to Dismiss*).

## II.  APPLICABLE LAW

A plaintiff fails to state a claim under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's "complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation and citation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which judicial notice may be taken. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and quotation omitted).

## III.  ANALYSIS

Defendant Owen contends Plaintiff's defamation claim is barred by the applicable one-year statute of limitations and, alternatively, that she cannot be held liable for actions she took in her capacity as Caruth Haven's attorney. Doc. 93 at 2-3. The second argument is dispositive. Generally, "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (citation omitted). "Even conduct that is 'wrongful in the context of the underlying suit' is not actionable if it is 'part of the discharge of the lawyer's duties in representing his or her client.'" *Id.* (citation omitted). Thus, "an attorney cannot be held liable

3

to a third party for conduct that requires 'the office, professional training, skill, and authority of an attorney.'" *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998) (citation omitted). "Incorrect, meritless, and even frivolous conduct is not actionable if it satisfies this standard." *Id.* (citation omitted). Defendant Owen is thus entitled to dismissal of Plaintiff's defamation and derivative "aiding and abetting" and conspiracy claims. To the extent Plaintiff separately asserts Defendant Owen violated her privacy in contravention of HIPPA, that Act does not provide a private right of action. *See Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam) ("[T]here is no private cause of action under HIPAA.").

## IV.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). However, leave to amend is not required when plaintiff has already pled her "best case." *Id* at 768. Plaintiff already has amended her complaint once, so it appears she has done so. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (holding that dismissal of a *pro se* case with prejudice is appropriate if the court determines the plaintiff has alleged his best case). As discussed herein, Plaintiff's claims against Defendant Owen are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## V.   CONCLUSION

For the foregoing reasons, *Defendant Jennifer L. Owen's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Under Federal Rule of Civil Procedure 12*,

4

Doc. 93, should be **GRANTED**, and Plaintiff's claims against Owens should be **DISMISSED WITH PREJUDICE**.

 **SO RECOMMENDED** on January 23, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).