IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFANY HAIRE, § | |
|        PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-3127-S-BK |
| § | |
| 5445 CARUTH HAVEN LANE § | |
| APARTMENTS OWNER LLC, LINCOLN § | |
| PROPERTY COMPANY INC., TRAVIS § | |
| BOWLES, NIKKI SALDANA, ELIA § | |
| NIETO, UBS REALTY INVESTORS § | |
| LLC, BHAVIN PAREKH, AND JENNIFER § | |
| L. OWEN, § | |
|        DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court are Plaintiff's *Amended Second Motion for Default Judgment Against Defendants Bhavin Parekh and UBS Realty Investors LLC*, Doc. 147, and *Motion for Default Judgment Against Defendant Jennifer L. Owen*, Doc. 159. Upon consideration, the Court finds that the motions should be summarily **DENIED**.

Plaintiff filed her *Amended Complaint* on February 9, 2022, adding as defendants Bhavin Parekh and UBS Realty Investors LLC (the "UBS Parties"), as well as Jennifer L. Owen. Doc. 33. Summonses issued to the UBS Defendants and were returned executed on February 14 and 15, 2022, respectively. Doc. 41; Doc. 42. On March 3, 2022, the UBS Parties timely filed their *Answer*. Doc. 47.

In May 2022, Plaintiff improperly attempted to serve Defendant Owen by personally mailing a summons and a copy of the *Amended Complaint* to her by certified mail. Doc. 88; *see* FED. R. CIV. P. 4(c)(2) (providing that a party cannot personally effect service of process). Plaintiff then requested that the Clerk enter a default against Defendant Owen. Doc. 92. The following day, Defendant Owen voluntarily appeared and moved to dismiss Plaintiff's complaint.[1] Doc. 93. The Court subsequently determined that Defendant Owen was not in default. Doc. 99 at 2.

Because neither the UBS Parties nor Defendant Owen are in default, Plaintiff's *Amended Second Motion for Default Judgment Against Defendants Bhavin Parekh and UBS Realty Investors LLC*, Doc. 147, and *Motion for Default Against Defendant Jennifer L. Owen*, Doc. 159, should be **DENIED**.

**SO RECOMMENDED** on February 22, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned recently recommended that Plaintiff's claims against Defendant Owen be dismissed with prejudice for failure to state a claim. Doc. 155.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).