IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY HAIRE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:21-CV-3127-S-BK |
| | § | |
| 5445 CARUTH HAVEN LANE APARTMENTS OWNER LLC, LINCOLN PROPERTY COMPANY INC., TRAVIS BOWLES, NIKKI SALDANA, ELIA NIETO, UBS REALTY INVESTORS LLC, BHAVIN PAREKH, AND JENNIFER L. OWEN, | § § § § § § § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. Doc. 1. The Court now considers *Defendants' 5445 Caruth Haven Lane Apartments Owner LLC, Travis Bowles, Nikki Saldana, Elia Nieto, Lincoln Property Company, Inc., UBS Realty Investors, LLC and Bhavin Parekh's Motion for Summary Judgment*, Doc. 200, and *Plaintiff's Twelfth Request for Hearing, Request for Entry of Default Against All Defendants and Default Judgment in Favor of Plaintiff*, Doc. 206. For the reasons that follow, Defendants' motion should be **GRANTED**, and Plaintiff's motion should be **DENIED**.

# I. PROCEDURAL HISTORY

Plaintiff initiated this *pro se* action on December 15, 2021, which stems from events surrounding her eviction from her apartment. Doc. 3. She alleges in her amended complaint that

Defendant 5445 Caruth Haven Lane Apartments Owner LLC ("Caruth Haven") and three employees of its property management company, Defendant Lincoln Property Company, Inc. ("Lincoln"), harassed and discriminated against her in violation of her rights under the federal Fair Housing Act ("FHA") by refusing to accommodate her request to walk her "emotional support" cat (the "ESA") off leash in the apartment complex. Doc. 33 at 7-9. The employees in question are (1) Travis Bowles ("Bowles"), Lincoln's regional manager; (2) Nikki Saldana ("Saldana"), Lincoln's community manager; and (3) Elia Nieto ("Nieto"), Lincoln's assistant property manager. Doc. 33 at 2-3. Defendant UBS Realty Investors LLC ("UBS") is a real estate asset management company and employed Defendant Bhavin Parekh ("Parekh") during the pertinent period. Doc. 33 at 3.

As relevant here, Plaintiff asserts that on July 19, 2019, she met with Saldana and Nieto to explain that she did not walk her ESA on a leash for the animal's safety and request a reasonable accommodation to walk the cat unleashed. Doc. 33 at 5. Plaintiff claims Saldana and Nieto granted the accommodation "on the condition that she provide an updated letter from her physician stating that her ESA was not required to be on a leash." Doc. 33 at 5. On July 23, 2019, before Plaintiff could obtain the letter, she received a Notice to Vacate, citing violations of her lease agreement. Doc. 33 at 5. Former Defendant Jennifer Owen represented Caruth Haven in Plaintiff's eviction proceedings and a later investigation by the Department of Housing and Urban Development that Plaintiff initiated in February 2020. Doc. 33 at 6, 9. Plaintiff avers that both proceedings were marred by a defamatory narrative concocted by some of her neighbors. Doc. 33 at 6-9. Judgment was entered against Plaintiff in the eviction proceeding on September 3, 2019. Doc. 202 at 3.

Liberally construing the operative complaint, Plaintiff asserts claims against Defendants Caruth Haven, Bowles, Saldana, Nieto, Lincoln, UBS, and Parekh for (1) disability discrimination in violation of the FHA; (2) defamation of character in connection with the eviction proceeding; (3) "aiding and abetting" and conspiracy to engage in such conduct; (4) intentional infliction of emotional distress ("IIED"); and (5) negligent violation of Plaintiff's privacy rights. Doc. 33 at 7-12. These Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 200.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citation omitted).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party

3

opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (internal alterations omitted) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

## III. ANALYSIS

Defendants contend that all of Plaintiff's claims are barred by the applicable one or two-year statutes of limitation because judgment was entered against Plaintiff in the eviction proceedings on September 3, 2019. Doc. 201 at 3, 5-10; Doc. 202 at 3. The Court addresses each claim in turn.

### A. FHA Claims

The FHA requires aggrieved individuals to file suit within two years of an alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A); *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 533 n.10 (5th Cir. 1996). Given Plaintiff's allegations, the discriminatory conduct would have ceased by September 3, 2019 or—at the very latest—on September 25, 2019 when she moved out. Because she did not file this action until December 15, 2021, her FHA claim is barred by the statute of limitations.

### B. IIED, Negligence, Aiding and Abetting/Conspiracy

In Texas, the statute of limitations for personal injury actions is two years, including claims for IIED and negligence. TEX. CIV. PRAC. & REM. CODE §16.003; *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 829 (Tex. App.—Dallas 1994) ("[T]he two-year statute [of limitations] applies to claims of intentional infliction of emotional distress"). Civil conspiracy is a derivative tort and thus "takes the statute of limitations period of the underlying tort that is the object of the conspiracy." *Brumfield v. Williamson*, 634 S.W.3d 170, 207 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (citations omitted). "Aiding and abetting, like civil

4

conspiracy, is also a derivative tort—to the extent it is an actionable tort in Texas…" *Id.* at 208. Because Plaintiff learned of the basis for her tort claims no later than the conclusion of her eviction action on September 3, 2019, she had two years from that date to file suit. Because she did not timely do so, Defendants are entitled to summary judgment on Plaintiff's IIED, negligence, and aiding and abetting/conspiracy claims.

### C. Defamation

In Texas, claims for defamation of character, libel, and slander must be brought within one year after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.002(a). Because Plaintiff claims that she learned about the alleged defamatory statements during the eviction proceeding, which was resolved by final judgment on September 3, 2019, she would have had to bring suit by September 3, 2020 with regard to the defamation claims. Because she did not file this action until more than a year after the claim accrued, it is time-barred.

## IV. CONCLUSION

For the foregoing reasons, *Defendants' 5445 Caruth Haven Lane Apartments Owner LLC, Travis Bowles, Nikki Saldana, Elia Nieto, Lincoln Property Company, Inc., UBS Realty Investors, LLC and Bhavin Parekh's Motion for Summary Judgment*, Doc. 200, should be **GRANTED**, and *Plaintiff's Twelfth Request for Hearing, Request for Entry of Default Against All Defendants and Default Judgment in Favor of Plaintiff*, Doc. 206, should be **DENIED**.

**SO RECOMMENDED** on August 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).