# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TIFFANY HAIRE § | |
| § | |
| v. § | |
| § | |
| 5445 CARUTH HAVEN LANE § | |
| APARTMENTS OWNER LLC, § | CIVIL ACTION NO. 3:21-CV-3127-S-BK |
| LINCOLN PROPERTY COMPANY § | |
| INC., TRAVIS BOWLES, NIKKI § | |
| SALDANA, ELIA NIETO, UBS § | |
| REALTY INVESTORS LLC, BHAVIN § | |
| PAREKH, and JENNIFER L. OWEN § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. ECF No. 218. Plaintiff filed objections, and the District Court has made a de novo review of those portions of the proposed Findings, Conclusions, and Recommendation to which objection was made. The objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

The Court writes separately to expand upon the Findings, Conclusions, and Recommendation with respect to Plaintiff's Fair Housing Act, intentional infliction of emotional distress, and negligence claims.

As to the Fair Housing Act claim under 42 U.S.C. § 3604 (Count I), the Court notes that the two-year statute of limitations is tolled when "an administrative proceeding under this subchapter [is] pending." 42 U.S.C. § 3613(a)(1)(B). Plaintiff alleges that she filed a charge of discrimination with the Department of Housing and Urban Development ("HUD") in February 2020. Am. Compl. [ECF No. 33] ¶ 47. Because Plaintiff provides no information

regarding the contents of her HUD charge or the duration of the investigation, the Court concludes that the Magistrate Judge did not err in recommending dismissal of this claim.

As to the Fair Housing Act claim under 42 U.S.C. § 3617 (Count II), the Court finds that it may be timely to the extent that it is based on alleged interference with the HUD investigation in 2020. Plaintiff alleges that Defendants "sabotaged the investigation by defaming [Plaintiff's] character and reputation, and using the same defamatory statements from the previous year" and "commit[ed] fraud by falsifying and concealing evidence and other documents . . ., intentionally delayed the investigation, and deliberately and unfairly misled and biased the Fair Housing/HUD investigators." Am. Compl. ¶ 47. These allegations, unsupported by any competent summary judgment evidence, are insufficient to survive summary judgment. *See, e.g., Zhu v. Countrywide Realty, Co.*, 165 F. Supp. 2d 1181, 1197 (D. Kan. 2001) (granting summary judgment on Fair Housing Act retaliation claim where plaintiff alleged that defendants defamed her during legal proceedings and responded to HUD investigation with fraud and deception because plaintiff did not meet burden to provide "some sort of factual support for her case"). For this additional reason, the Court determines that summary judgment is warranted on Plaintiff's Fair Housing Act claim under 42 U.S.C. § 3617.

With respect to Plaintiff's intentional infliction of emotional distress claim, it appears that such claim is based at least in part on allegedly defamatory statements from February 2020, which would be within the limitations period. However, intentional infliction of emotional distress "is a gap-filler tort reserved for those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Stelly v. Duriso*, 982 F.3d 403, 408 (5th Cir. 2020) (internal quotation marks and citation omitted). Here, a defamation claim is "available to address the alleged misconduct." *Id.* (citation

omitted). Therefore, the Court discerns no error in the recommendation to grant summary judgment on Plaintiff's intentional infliction of emotional distress claim.

Turning to Plaintiff's negligence claim, the Court notes that although Defendants raised a limitations defense in the Second Amended Answer, they did not move for summary judgment on this claim on limitations grounds. However, even ignoring any limitations issues, summary judgment is appropriate for two reasons. First, the only factual allegations supporting this claim relate to conduct by Jennifer Owen, who has been dismissed from this case. *See* Am. Compl. ¶ 77 ("Defendant Owen failed to redact and/or prohibit the publication of [Plaintiff's] protected health information to third parties."); Order Accepting Findings, Conclusions, and Recommendation [ECF No. 170] (dismissing Plaintiff's case against Owen with prejudice). Second, Plaintiff's negligence claim is based on alleged Health Insurance Portability and Accountability Act ("HIPAA") violations, but there is no private cause of action under HIPAA. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). As such, the Court concludes that summary judgment is appropriate on Plaintiff's negligence claim.

The Findings, Conclusions, and Recommendation does not address Plaintiff's claims for ratification and retraction. Ratification is an affirmative defense, *see Land Title Co. of Dallas, Inc. v. F. M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980), and retraction is a condition precedent to a defamation action, *see* TEX. CIV. PRAC. & REM. CODE § 73.055. Therefore, Plaintiff's attempt to plead these matters as causes of action is no bar to granting summary judgment.

Finally, the Court overrules Plaintiff's Objection to Defendants' Evidence [ECF No. 220]. The Objection is not supported by law or by the facts, and the Court finds no basis for challenging the authenticity of the document at issue.

For the reasons stated in the Findings, Conclusions, and Recommendation and in this Order, Defendants' Motion for Summary Judgment [ECF No. 200] is **GRANTED**, and Plaintiff's Twelfth Request for Hearing, Request for Entry of Default Against All Defendants and Default Judgment in Favor of Plaintiff [ECF No. 206] is **DENIED**. By separate judgment, all of Plaintiff's claims against Defendants will be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED January 16, 2024.

_____
**UNITED STATES DISTRICT JUDGE**